UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENRRY GARCIA RAMIREZ (A# 221-370-625),

                Petitioner,

    v.

WARDEN,

                Respondent.

No.  1:26-cv-03412 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioner is a native and citizen of Mexico who entered the United States at age 3.  ECF No. 1 at 6.  He is married to a U.S. citizen and shares two U.S.-citizen children.  Id. at 5; ECF No. 7-1 at 3.  Petitioner was arrested for domestic battery in Las Vegas, Nevada, on February 5, 2026.  ECF No. 7-1 at 2.  On March 15, 2026, Petitioner was released from the Clark County (Nev.) Detention Center and transferred to the custody of Immigration and Customs Enforcement (ICE).  Id.  Immigration officials administratively charged Petitioner as removable under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I).  ECF No. 7-4 at 4.  Petitioner is currently detained in the Golden State Annex, within this judicial district.  ECF No. 1 at 2.

1

Petitioner filed this § 2241 petition on May 4, 2026, alleging his "ongoing, prolonged" detention without a hearing violates the Due process Clause of the Fifth Amendment. ECF No. 1 at 16-17. By way of relief, Petitioner seeks his immediate release or, in the alternative, a bond hearing where the government must establish his risk of danger or flight by clear and convincing evidence. Id. at 17. Respondent opposes the petition on grounds that Petitioner "is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and no bond hearing is available." ECF No. 7 at 1. Respondent further argues that Petitioner's form § 2241 petition challenges only his prolonged detention without bond and thus "does not contest the lawfulness of his detention under 8 U.S.C. § 1225(b)(2)." Id. at 2. Finally, Respondent asserts Petitioner has received all of the process due under § 1225(b)(2). Id.

## II.    Legal Standards

### A.  Jurisdiction

The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). This case presents both statutory and constitutional challenges to petitioner's ongoing immigration detention. This court has jurisdiction.

### B.  Constitutional Standard

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th

2

Cir. 2022).  Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include.  Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others."  Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

### C.  Applicable Immigration Detention Statute

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention."  Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

The Supreme Court described the detention statutes at issue in this case, 8 U.S.C. § 1225 and 8 U.S.C. § 1226, in some detail in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> To implement its immigration policy, the Government must be able to decide (1) who may enter the country and (2) who may stay here after entering.
>
> That process of decision generally begins at the Nation's borders and ports of entry, where the Government must determine whether a[] [non-citizen] seeking to enter the country is admissible.  Under [] 8 U.S.C. § 1225, [a non-citizen] who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'  Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law.  § 1225(a)(3).
>
> As relevant here, applicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2).  Section 1225(b)(1) applies to [non-citizens] initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation.  See § 1225(b)(1)(A)(i) (citing §§ 1182(a)(6)(C), (a)(7)).  Section 1225(b)(1) also applies to certain other [non-citizens] designated by the Attorney General in his discretion.  See 8 U.S.C. § 1225(b)(1)(A)(iii).  Section 1225(b)(2) is broader.  It serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here).  See §§ 1225(b)(2)(A), (B).

Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain [non-citizens]. [Non-citizens] covered by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process. § 1225(b)(1)(A)(i). But if a § 1225(b)(1) [non-citizen] 'indicates either an intention to apply for asylum ... or a fear of persecution,' then that [non-citizen] is referred for an asylum interview. § 1225(b)(1)(A)(ii). If an immigration officer determines after that interview that the [non-citizen] has a credible fear of persecution, 'the [non-citizen] shall be detained for further consideration of the application for asylum.' § 1225(b)(1)(B)(ii). [Non-citizens] who are instead covered by § 1225(b)(2) are detained pursuant to a different process. Those [non-citizens] 'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country. 8 U.S.C. § 1225(b)(2)(A).

….

Even once inside the United States, [non-citizens] do not have an absolute right to remain here. For example, [a non-citizen] present in the country may still be removed if he or she falls 'within one or more ... classes of deportable [non-citizens].' 8 U.S.C. § 1227(a). That includes [non-citizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).

Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal. Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a). 'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Id. at 286-89 (footnote omitted).[1]

**III.    Analysis**

As an initial matter, the undersigned liberally construes the petition as challenging Petitioner's ongoing detention without the procedural protections afforded under 8 U.S.C. § 1226(a). See Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must undersigned must "construe habeas petitions liberally[.]"). The framing of the petition's due process claim as

---

[1] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.' " (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

4

a challenge to Petitioner's "ongoing prolonged detention without hearing," ECF No. 1 at 2, ¶ 3, is the result of the form petition used.  The undersigned will not penalize Petitioner, an incarcerated, pro se litigant, for using a form that does not fully reflect the technical circumstances of his immigration detention.  See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (a court must not hold "missing or inaccurate legal terminology" against incarcerated, pro se litigants).

Turning to the substance of the petition, Respondent's argument that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is based on the minority viewpoint in this Circuit:

> Respondents' argument that section 1225 applies to all noncitizens who entered the United States without inspection has been consistently rejected by a majority of courts in this district and courts across the country. See Valencia Zapata v. Kaiser, No. 25-cv-07492-RFL, 2025 WL 2741654, at *10 (N.D. Cal. Sep. 26, 2025) (citing Salcedo Aceros, 2025 WL 2637503, at *8) (collecting cases). Instead, those courts have generally held that section 1226 rather than section 1225 is the appropriate section to apply in cases in which a noncitizen is already living in the United States. See Morillo v. Albarran, No. 25-cv-01533-DJC-AC, 2025 WL 3190899, at *4 (E.D. Cal. Nov. 15, 2025) ("As Petitioner has been present in the United States for 19 years ... he is likely to succeed on the merits of his claim that he is unlawfully detained under Section 1225(b)(2)'s mandatory detention provision."); Huerta v. Bondi, No. 25-cv-00941-JLT-HBK, 2026 WL 366709, at *1 (E.D. Cal. Feb. 10, 2026) (holding that the petitioner, who "entered the United States without inspection and has been residing continuously here for more than 20 years without any contact with immigration authorities ... is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)"); J.A.C.P. v. Wofford, No. 25-cv-01354-KES-SKO, 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025) (same as to petitioner who had resided in United States for four years before detention); Bernardo Aquino v. Larose, No. 25-cv-02904-RSH-MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("The overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen ... who has resided in the United States for many years.") (citing cases).

Maciel v. Noem, No. 1:26-CV-01318-DC-CKD (HC), 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026).  The undersigned agrees with this analysis and follows the majority view in finding that the applicable statute governing Petitioner's detention here is § 1226(a), and not § 1225(b)(2).  The undersigned finds further support in the record from the March 15, 2026, administrative warrant for Petitioner's arrest that identifies INA § 236, i.e., 8 U.S.C. § 1226, as its statutory authority.  ECF No. 7-2 at 1.

Having determined that Petitioner is subject to the discretionary detention scheme in § 1226(a), the undersigned concludes that habeas relief is warranted on his due process claim. Here, Respondents contend that Petitioner was detained on March 15, 2026, pursuant to § 1225(b)(2) and have explicitly denied that he was detained under § 1226, or any other basis. Because Respondents do not assert any alternative basis for Petitioner's detention, and do not provide any extenuating circumstances that would warrant Petitioner's continued unlawful detention pending a bond hearing, the court finds that the appropriate relief is Petitioner's immediate release. Maciel, 2026 WL 496948, *5 (E.D. Cal. Feb. 23, 2026) (citing Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. Sep. 23, 2025) (other citations omitted)). The undersigned further recommends that Respondent be enjoined from re-detaining Petitioner without a pre-deprivation hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(c)(8). Id. at *5, n.5.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.   Petitioner Jenrry Garcia Ramirez's (A# 221-370-625) application for a writ of habeas corpus be GRANTED as follows:

    a.   Respondent shall immediately release Petitioner from custody; and

    b.   Should Respondent attempt to re-detain Petitioner, Respondent shall provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §1236.1(c)(8).

2.   Respondent shall file a Notice of Compliance within three (3) days of any order adopting these findings and recommendations.

3.   Petitioner's motion to appoint counsel (ECF No. 3) be DENIED as moot.

4.   Respondent's motion to dismiss (ECF No. 7) be DENIED.

5.   The Clerk of the Court be directed to serve a copy of any order adopting these findings and recommendations on the Golden State Annex.

6.   The Clerk of the Court be directed to enter judgment in Petitioner's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE