UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENRRY GARCIA RAMIREZ (A# 221-370-625),

Petitioner,

v.

WARDEN, et al.,

Respondent.

No.  1:26-cv-03412 DC SCR (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(ECF Nos. 1, 3, 7, 8)

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 29, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 8.  Respondents filed objections to the findings and recommendations, stating they object "for the reasons stated in its responsive pleadings."  ECF No. 9.  Those arguments were already addressed by the magistrate judge in this case and the undersigned in other cases.  *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419

1

(E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Unlike the petitioners in *Maciel* and *Zuniga Cruz* who had no criminal record and were ordered released, Petitioner here was transferred into immigration custody following his arrest for domestic battery. (Doc. No. 7-1 at 2.) Moreover, Petitioner's immigration records reflect that this recent arrest was not Petitioner's first time being arrested on domestic violence charges; Petitioner's criminal history includes a January 5, 2025 conviction for domestic battery. (*Id.* at 3.) This court has previously found that where the government asserts a non-pretextual basis to detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release. *See Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) (finding that where the government asserts a non-pretextual change in circumstance warranting a noncitizen's detention pending removal

proceedings, the proper remedy for the government's failure to provide the noncitizen with a pre-deprivation bond hearing is a post-deprivation bond hearing).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 8) are ADOPTED IN PART;

2. Petitioner Jenrry Garcia Ramirez's (A# 221-370-625) application for a writ of habeas corpus is GRANTED as follows:

   a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Jenrry Garcia Ramirez a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

   b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody;

3. Respondent shall file a Notice of Compliance within twenty-one (21) days of the date of entry of this order;

4. Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot;

5. Respondent's motion to dismiss (ECF No. 7) is DENIED;

6. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

/////

/////

/////

/////

3

7.    The Clerk of the Court is also directed to enter judgment in Petitioner's favor and close the case.

IT IS SO ORDERED.

Dated:    **June 8, 2026**

_____
Dena Coggins
United States District Judge